IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.

**DONALD L. DENNEY,**

      Defendant.

No. 1:22-cr-00244-AA

**OPINION & ORDER**

AIKEN, District Judge.

      This case comes before the Court on a Motion for Review of Detention Order filed by Defendant Donald Denney. ECF No. 34. Mr. Denny is charged by indictment with Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2. ECF No. 1.

      Mr. Denney appeared before Magistrate Judge Mark Clarke on September 23, 2022 and was ordered detained. ECF Nos. 14, 15. A detention hearing was held before Judge Clarke on September 28, 2022 and Mr. Denney was again ordered detained. ECF No. 18. Mr. Denney filed an Emergency Motion for Release from Custody on October 12, 2022. ECF No. 23. A hearing was held on the motion before Judge Clarke on October 12, 2022 and on October 14, 2022 Judge Clarke found that "no condition will reasonably ensure the safety of the community or ensure the

Page 1 – OPINION & ORDER

defendant's appearance," and Judge Clarke denied the motion for release from custody. ECF Nos. 25, 26. Mr. Denney filed the present motion requesting review of Judge Clarke's detention order on December 6, 2022. ECF No. 34. The Court heard oral argument on December 14, 2022. ECF No. 40.

Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The BRA mandates the release of a person pending trial unless the court "finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

Courts consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

As stated at the hearing, the Court concludes that the Government has carried its burden and that there is no set of conditions that would ensure Mr. Denney's appearance at trial or ensure the safety of the community. The Court therefore DENIES Defendant Donald Denney's Motion for Review of Detention Order. ECF No. 34.

It is so ORDERED and DATED this  20th  day of December 2022

                                         /s/Ann Aiken  
                                        ANN AIKEN  
                                        United States District Judge